(Surrogate's Court, New York County. February, 1900.)

1. TAXATION—TRANSFER TAX—ASSESSMENT.
   Where a testator gives one-third of his estate to his widow, an assessment of the transfer tax on the whole estate against her is incorrect.

2. SAME—PROPERTY SUBJECT TO TAX—PARTNERSHIP ASSETS.
   Where a nonresident at the time of his death is a member of a copartnership having assets in New York, his share therein is personal property, and not a mere chose in action, and is subject to a tax under the transfer tax law.

3. SAME—NONRESIDENT—DECEDENT—APPRAISAL.
   Where a nonresident at the time of his death is a member of a firm having assets in New York, the net amount thereof subject to the transfer tax is ascertained by deducting from their gross value such proportion of the entire debts of the firm as such assets bear to the total assets, omitting partnership real property.

4. SAME.
   Individual debts of a nonresident decedent, who was a member of a firm having assets in New York at the time of his death, cannot be deducted from the taxable value of such assets alone, in ascertaining the amount thereof subject to a tax under the transfer tax law, but such assets are subject to be reduced by such proportion of his individual debts as they bear to his whole personal estate.

5. SAME.
   Individual debts of a decedent, contracted for the purchase of realty, not secured by any specific lien thereon or on any other property, are payable from personalty, and must be deducted, with his other debts, from the amount of his assets, in appraising the same under the transfer tax law.

In the matter of the appraisal of the estate of Henry W. King, deceased. Appeal by Amelia R. King from the order of appraisal under the transfer tax law. Reversed.

C. E. Thornall, for petitioner.
William E. Kisselburgh, for comptroller.

THOMAS, S. An appraisal of the property of the testator subject to taxation under our law relating to taxable transfers of property fixed the amount of such property, and imposed a tax, the whole of which was assessed against Amelia R. King, the widow. From this appraisal an appeal is now taken. By the will of the testator, he gave only one-third of his estate to the widow, and the assessment of the tax on the whole against her was incorrect. The appeal must therefore be sustained, at least to the extent of ordering a reappraisal; but it is contended that the entire tax was fixed on erroneous principles, and that a correct appraisal will result in determining that no tax should be imposed. The testator was a resident of the state of Illinois, and was a member of a co-partnership firm which did business in the city of New York under the name of Browning, King & Co., and in the city of Chicago under the name of Henry W. King & Co. His interest in this business was 28 per cent. His only property in this state claimed to be taxable was his interest in such of the assets of that firm as were situated in this state at the time of his death. It is a contention of the appellants that the title to all of these assets

passed, forthwith on the death of the decedent to his surviving partners, and that nothing represented it but a right to an accounting, which is a mere chose in action or debt, and that the situs of this was at the domicile of the testator, and it was not taxable here. The difficulty with this reasoning lies in the fact that the right of the legal representatives of the deceased partner is something more than a right of action. It is a right in the firm assets themselves, subject, it is true, to the equities of creditors and of surviving partners, to be worked out under the power of the surviving partners to close the business, but a clear right which would be protected by a court having equitable powers, in case of threatened abuse. Though the surviving partners are not, in strictness, trustees, they occupy towards the representatives of the deceased partner a position analogous to that of trustees, and do not become owners of the title to all firm assets, free from fiduciary duties. The share in the firm assets belonging to the testator was personal property habitually kept in this state by him, and a proper subject for taxation. In re Houdayer's Estate, 150 N. Y. 37, 44 N. E. 718, 34 L. R. A. 235; In re Romaine, 127 N. Y. 80, 27 N. E. 759, 12 L. R. A. 401. The business of the firm consisted of manufacturing and selling clothing. The New York branch was mainly occupied in manufacturing, and thereby incurred large debts. The Chicago branch mainly sold and distributed the manufactured products, and thereby made collections in excess of outlays. As a result, the debts owing to New York creditors exceeded the value of the New York assets, and it is claimed that these debts should be deducted, and that nothing will remain subject to tax. No distinction of this kind can prevail. The entire firm assets must be valued, and the entire firm obligations ascertained; and the net assets in this state will be ascertained by deducting from their gross value such fraction of the entire obligations as the New York assets bear to the total assets. In other words, the New York assets must be charged, ratably with all other assets, with the debts of the firm. In computing assets, partnership real property must be omitted, for the reason that, subject to the rights of creditors and surviving parties, it is real estate, and not taxable, if located here; and, if located elsewhere, it must be applied in payment of debts only after personalty is exhausted. Individual real property of the testator is not to be considered, for the same reasons. The individual debts of the testator cannot be deducted from the taxable value of the New York assets alone, but those assets are subject to be reduced by such proportion of his individual debts as they bear to his whole personal estate. The individual debts of the testator, contracted for the purchase of real property, not secured by any specific lien on that or any other property, are payable from personalty, and must be deducted, with his other debts, from the amount of his assets. The order imposing the tax is reversed, and a reappraisal will be ordered, to be made on the principles here set forth.

Order reversed, and reappraisal ordered.